FILED IN OPEN COURT
ON 11 5 20 BRH
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:20-CR-505(3)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **INDICTMENT** |
| | ) |
| RAHNE THOMAS COOPER | ) |
| DARIUS TYRELL HINTON, | ) |
|    aka DARREN JAMES | ) |
| TIFFANY DAWN RUSSELL | ) |

The Grand Jury charges that,

### PRELIMINARY ALLEGATIONS

At all times material to the Indictment:

1. The federal government created the nine-digit social security number ("SSN") to track the earnings of United States workers, to determine a Social Security program applicant's entitlement to benefits, and to compute the applicant's benefit levels.

2. Over the years, use of the SSN has expanded to the private sector as its chief means of identifying and gathering information about an individual. By combining a person's name, date of birth and SSN, businesses and financial institutions have been able to determine a person's credit worthiness.

3. Synthetic identity theft is a type of fraud in which various forms of information are combined to create a new identity. The forms of information often include stolen or fictitious SSNs.

4. Often times, the SSNs used in synthetic identity theft have been issued by the United States Social Security Administration ("SSA") to children, or others who use little, if any, credit.

5. The new identity is used to open financial accounts and make purchases from retailers, who will accept the representations as true, and extend credit based upon the newly created identity.

6. To justify their use of a SSN other than that issued to them by the SSA, some individuals claim that they were attempting to build a fresh credit history through the use of a credit privacy number, credit protection number, consumer profile number, or "CPN," as a way of building a fresh credit history. However, they list the nine-digit "CPN" on credit applications that request the applicant's SSN, leading credit issuers into believing that nine-digit number was legitimately issued by the SSA to the applicant.

7. Once credit is obtained and purchases made, the applicant seldom makes payments to the issuers.

8. The SSA issued to defendant RAHNE THOMAS COOPER (hereinafter referred to as "**COOPER**"), SSN ending 0923.

9. The SSA issued SSN ending 1210 to a female born in 2000.

10. The SSA issued to defendant DARIUS TYRELL HINTON, aka DARREN JAMES (hereinafter referred to as "**HINTON**"), SSN ending 0875.

11. The SSA issued SSN ending 2751 to a female born in 1994.

2

12. The SSA issued SSN ending 1098 to a male born in 1940.

13. The SSA issued to defendant TIFFANY DAWN RUSSELL (hereinafter referred to as "**RUSSELL**"), SSN ending 2003.

14. The SSA issued SSN ending 1428 to a male born in 2006.

15. **COOPER**, **HINTON** and **RUSSELL** resided in the Eastern District of North Carolina.

## COUNT ONE

16. From at least in or about April 2016, through in or about October 2016, in the Eastern District of North Carolina and elsewhere, **COOPER**, **HINTON**, **RUSSELL**, CO-CONSPIRATOR D.K. and other unnamed co-conspirators, did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding with each other to commit an offense against the United States, that is, to knowingly execute a scheme and artifice to defraud financial institutions as defined in Title 18, United States Code, Section 20, and to obtain money, funds, credits, assets, securities, and other property owned by, and under the custody and control of, said financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, to wit: **COOPER**, **HINTON**, **RUSSELL**, CO-CONSPIRATOR D.K., and other unnamed co-conspirators defrauded various financial institutions by opening credit accounts and obtaining financing, using various synthetic identities, and by making charges on the credit accounts and

3

purchases with the financing with no intention to repay the outstanding debt, in violation of Title 18, United States Code, Sections 1344(1) and (2).

## OBJECT OF THE CONSPIRACY

17. It was the purpose of the conspiracy to defraud financial institutions and to obtain money and other things of value from financial institutions.

## MANNER AND MEANS

18. It was part of the conspiracy to create new credit profiles for individuals by applying for credit in these individuals' names with their dates of birth, but providing nine-digit numbers resembling SSNs that had not been issued to those individuals by the SSA.

19. It was further part of the conspiracy to create new credit profiles in alias names linked to nine-digit numbers resembling SSNs.

20. It was further part of the conspiracy to provide false employment and income information when applying for credit with financial institutions.

21. It was further part of the conspiracy to provide false residential address information when applying for credit with financial institutions.

22. It was further part of the conspiracy to obtain fictitious SSA cards falsely representing the CPN was issued as a SSN to the named individual.

23. It was further part of the conspiracy to obtain fictitious means of identification in alias names.

4

24. It was further part of the conspiracy to purchase items and services, utilizing new credit profiles, without any intention of paying for the items and services obtained.

25. It was further part of the conspiracy to sell credit, services or merchandise fraudulently obtained with these new credit profiles to others for a profit.

## OVERT ACTS

26. In furtherance of the conspiracy, and to effect the object thereof, at least one of the co-conspirators herein committed one or more of the following over acts, among others:

    a) On or before April 5, 2016, CO-CONSPIRATOR D.K. sold **HINTON** a new credit identity with a nine-digit number ending 2751;

    b) On or about April 21, 2016, credit applications were electronically submitted to Synchrony Bank in **HINTON**'s name to obtain Marvel Mastercard ending 3348 and Ebates Visa ending 5526. Both these applications falsely represented **HINTON**'s SSN ended 2751 and he earned approximately $94,992 per annum;

    c) On or about May 10, 2016 and May 17, 2016, **HINTON** used the John Deere Financial Services line of credit he fraudulently obtained with SSN ending 2751 to purchase, among other things, a John Deere lawn mower;

5

d) On or about May 13, 2016, CO-CONSPIRATOR D.K. and **HINTON** represented to the North Carolina Secretary of State that **HINTON** was an officer of Financial Transformation, a limited liability company CO-CONSPIRATOR D.K. had previously formed;

e) On or about May 20, 2016, **HINTON** used the Synchrony Bank Marvel Mastercard ending 3348 to pay unnamed CO-CONSPIRATOR ONE approximately $1,852.50;

f) On or about May 22, 2016, **HINTON** used the Synchrony Bank Ebates Visa ending 5526 to pay CO-CONSPIRATOR D.K. approximately $2,472;

g) On or before May 25, 2016, CO-CONSPIRATOR D.K. sold **COOPER** a new credit identity with a nine-digit number ending 1210;

h) On or about June 26, 2016, a credit card application was submitted to Synchrony Bank for Care Credit card ending 9791 in COOPER's name with the nine-digit number ending 1210 as his SSN;

i) On or before July 7, 2016, CO-CONSPIRATOR D.K. sold **HINTON** a new credit identity with a nine-digit number ending 1098;

j) On or about July 8, 2016, **RUSSELL** authorized **COOPER** to make payments using her or his debit/credit card to Advanced Plastic Surgery Solutions, aka Dr. Curves;

k) On or about July 11, 2016, **RUSSELL** was added as an authorized user on **COOPER**'s Synchrony Bank Care Credit card ending 9791;

6

l) On or about August 1, 2016, a credit application was electronically submitted to Synchrony Bank in the name Darren James with SSN ending 1098 to obtain Care Credit card ending 7966;

m) On or before August 7, 2016, unnamed CO-CONSPIRATOR ONE provided **RUSSELL** with CPN ending 1428;

n) On or about August 7, 2016, a credit application was electronically submitted to Synchrony Bank in the name Tiffany Russell to obtain Care Credit card ending 8435. The application falsely represented **RUSSELL**'s SSN ended 1428 and she resided in Florence, South Carolina;

o) On or about August 10, 2016, **COOPER** applied for a loan to purchase a 2009 Mercedes Benz from a dealership in Garner, North Carolina. The application falsely stated **COOPER's** SSN ended 1210 and he was employed by Financial Transformations, earning approximately $7,685 per month;

p) On or about August 22, 2016, **RUSSELL** provided Synchrony Bank Care Credit card ending 8435 to Advanced Plastic Surgery Solutions to pay $9,500 toward her butt augmentation surgery; and

q) On or about August 26, 2016, **HINTON** presented Synchrony Bank Care Credit card ending 7966 and the fictitious Nevada driver's license in the name Darren James to Advanced Plastic Surgery Solutions to pay $3,350 toward **RUSSELL's** butt augmentation surgery.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

27. On or about August 10, 2016, in the Eastern District of North Carolina and elsewhere, **COOPER** did knowingly execute and attempt to execute a scheme and artifice to defraud Wells Fargo Bank, a financial institution, and to obtain approximately $16,161.28 in moneys, funds, credit, assets, securities and property owned by, or under the custody and control of Wells Fargo Bank, by means of false and fraudulent pretenses, representations and promises, in that **COOPER** falsely represented, among other things, the SSN issued to him by the SSA ended 1210, he was employed by Financial Transformations, LLC and he earned approximately $7,685 per month, which caused Wells Fargo Bank to disburse approximately $16,161.28 in money to Source Automotive as payment toward the purchase of a 2009 Mercedes-Benz.

All in violation of Title 18, United States Code, Section 1344.

## COUNT THREE

28. On or about May 3, 2016, in the Eastern District of North Carolina and elsewhere, **HINTON** did knowingly execute and attempt to execute a scheme and artifice to defraud John Deere Financial Services, a financial institution, and to obtain approximately $15,000 in moneys, funds, credit, assets, securities and property owned by, or under the custody and control of John Deere Financial Services, by means of false and fraudulent pretenses, representations and promises, in that **HINTON** falsely represented, among other things, the SSN issued to him by the SSA

ended 2751, which caused John Deere Financial Services to disburse approximately $9,524.13 in money to Quality Equipment, LLC as payment toward the purchase of John Deere machinery and equipment.

All in violation of Title 18, United States Code, Section 1344.

## COUNT FOUR

29. On or about June 2, 2016, in the Eastern District of North Carolina and elsewhere, **HINTON** did knowingly execute and attempt to execute a scheme and artifice to defraud Conn Credit Corporation, Inc., a financial institution, and to obtain approximately $15,000 in moneys, funds, credit, assets, securities and property owned by, or under the custody and control of Conn Appliances, Inc., by means of false and fraudulent pretenses, representations and promises, in that **HINTON** falsely represented, among other things, the SSN issued to him by the SSA ended 2751 and he was employed by Rex Hospital, earning $6,500 per month, which caused Conn Credit Corporation, Inc. to extend **HINTON** credit for the purchase of electronic and computer equipment, totaling approximately $13,076.59.

All in violation of Title 18, United States Code, Section 1344.

## COUNT FIVE

30. On or about September 13, 2016, in the Eastern District of North Carolina and elsewhere, **RUSSELL** did knowingly execute and attempt to execute a scheme and artifice to defraud Branch Banking and Trust Company, a financial institution, and to obtain approximately $28,711.58 in moneys, funds, credit, assets,

9

securities and property owned by, or under the custody and control of Branch Banking and Trust Company, by means of false and fraudulent pretenses, representations and promises, in that **RUSSELL** falsely represented, among other things, the SSN issued to her by the SSA ended 1428, which caused Branch Banking and Trust Company to disburse approximately $28,711.58 to Performance BMW for the purchase of an automobile.

All in violation of Title 18, United States Code, Section 1344.

## COUNT SIX

31. From on or about May 25, 2016, through on or about July 15, 2016, in the Eastern District of North Carolina, and elsewhere, **COOPER** did knowingly and willfully, with the intent to defraud, used at least one unauthorized access device, that is credit cards and account numbers, and by such conduct, did obtain something of value, aggregating more than $1,000 during a one-year period, said use affecting interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT SEVEN

32. From on or about May 2, 2016, through on or about October 13, 2016, in the Eastern District of North Carolina, and elsewhere, **HINTON** did knowingly and willfully, with the intent to defraud, used at least one unauthorized access device, that is credit cards and account numbers, and by such conduct, did obtain something

of value, aggregating more than $1,000 during a one-year period, said use affecting interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT EIGHT

33. From on or about August 22, 2016, through on or about September 12, 2016, in the Eastern District of North Carolina, and elsewhere, **RUSSELL** did knowingly and willfully, with the intent to defraud, used at least one unauthorized access device, that is credit cards and account numbers, and by such conduct, did obtain something of value, aggregating more than $1,000 during a one-year period, said use affecting interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNTS NINE THROUGH FOURTEEN

34. On or about the dates listed below, in the Eastern District of North Carolina and elsewhere, **COOPER**, for the purpose of obtaining something of value and for any other purposes, with intent to deceive, did falsely represent the SSN ending 1210 had been issued to him by the SSA so **COOPER** could obtain credit from the following financial institutions:

| COUNT | DATE | CREDIT ISSUER |
|---|---|---|
| NINE | June 26, 2016 | Synchrony Bank (Care Credit) |
| TEN | July 10, 2016 | Citbank (Best Buy) |
| ELEVEN | July 10, 2016 | Synchrony Bank (Lowes) |
| TWELVE | July 14, 2016 | Citibank (Sears) |
| THIRTEEN | July 15, 2016 | Synchrony Bank (HH Gregg) |
| FOURTEEN | August 10, 2016 | Wells Fargo Bank |

11

Each of the above counts constitutes a separate violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNTS FIFTEEN THROUGH TWENTY-ONE

35. On or about the dates listed below, in the Eastern District of North Carolina and elsewhere, **HINTON**, for the purpose of obtaining something of value and for any other purposes, with intent to deceive, did falsely represent the SSN ending 2751 had been issued to him by the SSA so **HINTON** could obtain credit from the following financial institutions:

| COUNT | DATE | CREDIT ISSUER |
|---|---|---|
| FIFTEEN | April 21, 2016 | Synchrony Bank (Marvel Mastercard) |
| SIXTEEN | April 21, 2016 | Synchrony Bank (Ebates Visa) |
| SEVENTEEN | May 3, 2016 | John Deere Financial Services |
| EIGHTEEN | May 4, 2016 | Synchrony Bank (Walmart Mastercard) |
| NINETEEN | May 9, 2016 | Citibank (Macys) |
| TWENTY | May 16, 2016 | Synchrony Bank (Rooms to Go) |
| TWENTY-ONE | June 2, 2016 | Conn Credit Corporation, Inc. |

Each of the above counts constitutes a separate violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNTS TWENTY-TWO THROUGH TWENTY-SIX

36. On or about the dates listed below, in the Eastern District of North Carolina and elsewhere, **RUSSELL**, for the purpose of obtaining something of value and for any other purposes, with intent to deceive, did falsely represent the SSN ending 1428 had been issued to her by the SSA so **RUSSELL** could obtain credit from the following financial institutions:

| COUNT | DATE | CREDIT ISSUER |
|---|---|---|
| TWENTY-TWO | August 7, 2016 | Synchrony Bank (Care Credit) |
| TWENTY-THREE | August 12, 2016 | Synchrony Bank (Lowes) |
| TWENTY-FOUR | August 12, 2016 | First Electronic Bank |
| TWENTY-FIVE | August 12, 2016 | Bank of Missouri |
| TWENTY-SIX | September 13, 2016 | Branch Banking and Trust Company |

Each of the above counts constitutes a separate violation of Title 42, United States Code, Section 408(a)(7)(B).

## FORFEITURE NOTICE

The defendants are hereby given notice that all of the defendants' interest in all property specified herein is subject to forfeiture.

Upon conviction of one or more of the offense(s) set forth in Counts One through Six of this Indictment, the named defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense(s).

Upon conviction of one or more of the offense(s) set forth in Counts Seven or Eight of this Indictment, the named defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense(s).

The forfeitable property includes, but is not limited to, the proceeds obtained by each defendant as a result of the offenses set forth above, including at least $42,340.84 in proceeds personally obtained by COOPER; at least $53,431.98 in proceeds personally obtained by HINTON; and at least $40,849.47 in proceeds personally obtained by RUSSELL.

If any of the property described above, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

14

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL
**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.
FOREPERSON

DATE: *11-4-2020*

ROBERT J. HIGDON, JR.
United States Attorney

BY: SUSAN B. MENZER
Assistant United States Attorney

15