IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-00505-D

UNITED STATES OF AMERICA     :

                     :

v.                       :         CONSENT PRELIMINARY

                     :         ORDER OF FORFEITURE

TIFFANY DAWN RUSSELL     :

WHEREAS, the above-named defendant has pleaded guilty pursuant to a written plea agreement to Count(s) One and Two of the Superseding Criminal Information, charging the defendant with offenses in violation of 18 U.S.C. § 1349 (Count One) and 26 U.S.C. § 7206(1) (Count Two);

AND WHEREAS, the defendant consents to the terms of this Order and to the forfeiture of the property that is the subject of this Order of Forfeiture; stipulates and agrees that she personally obtained at least $2,019,571.93 in proceeds from the offense, and further agrees that she made the proceeds unavailable as a result of her acts or omissions and one or more of the conditions to forfeit substitute assets exists, as set forth in 21 U.S.C. § 853(p); and further stipulates and agrees that each item of property listed herein constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of the offense set forth in Count One of the Superseding Criminal Information to which she has pled guilty, and is thereby subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A);

AND WHEREAS, the defendant stipulates and agrees that the defendant individually, or in combination with one or more co-defendants, has or had an

1

ownership, beneficial, possessory, or other legal interest in and/or exercised dominion and control over each item of property that is subject to forfeiture herein;

AND WHEREAS, the defendant knowingly and expressly agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(1), 32.2(b)(4), and 43(a), including waiver of any defect respecting notice of the forfeiture in the charging instrument or the plea colloquy; waiver of the right to a hearing to present additional evidence respecting the forfeitability of any specific property or the amount of any forfeiture money judgment; waiver of the right to be present during any judicial proceeding respecting the forfeiture of the property that is the subject of this Order of Forfeiture or to receive further notice of the same; waiver of any defect respecting the announcement of the forfeiture at sentencing; and waiver of any defect respecting the inclusion of the forfeiture in the Court's judgment;

AND WHEREAS, the defendant knowingly and expressly agrees that the provisions of this Consent Preliminary Order of Forfeiture are intended to, and shall, survive the defendant's death, notwithstanding the abatement of any underlying criminal conviction after the entry of this Order; and that the forfeitability of any particular property identified herein shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full;

AND WHEREAS, the defendant has agreed to liquidate certain real properties that the United States contends are forfeitable and has entered into an agreement

2

with the United States, attached hereto as **Exhibit A**, to turn over to the United States the net sale proceeds obtained from the sale of said real properties;

NOW, THEREFORE, based upon the Plea Agreement, the stipulations of the parties, and all of the evidence of record in this case, the Court FINDS as fact and CONCLUDES as a matter of law that there is a nexus between each item of property listed below and the offense(s) to which the defendant has pleaded guilty, and that the defendant (or any combination of defendants in this case) has or had an interest in the property to be forfeited,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      The following property is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2) and 18 U.S.C. § 982(a)(2)(A)

    a. Forfeiture Money Judgment:

        A sum of money in the amount of $2,019,571.93, representing the gross proceeds personally obtained by the defendant as a result of the offense(s) set forth in Count One of the Superseding Criminal Information for which she has been convicted; and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p).

2.      Pursuant to Fed. R. Crim. P. 32.2(b)(3), the U.S. Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee is authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third-party. **Any person who**

3

**knowingly destroys, damages, wastes, disposes of, transfers, or otherwise takes any action with respect to the property, or attempts to do so, for the purpose of preventing or impairing the Government's lawful authority to take such property into its custody or control or to continue holding such property under its lawful custody and control, may be subject to criminal prosecution pursuant to 18 U.S.C. § 2232(a).**

3.    This Order shall also serve as a Writ of Entry and Inspection, authorizing the government or other personnel assisting the government to enter onto and into the premises of the above-described real property as necessary for purposes of conducting inspections, appraisals, and photographing or video-recording the property, to record and document the condition, value, and maintenance of the property until the forfeiture proceedings are concluded. Any occupants of the real property shall be served with a copy of this Order of Forfeiture and provided with notice of the forfeiture. **This Order specifically places any occupants on notice that they shall maintain the premises in its present condition as long as their occupancy continues and shall not materially alter, cause any damage to, or remove any fixtures from the real property. Any violation of this Order could result in criminal and/or civil sanctions pursuant to 18 U.S.C. § 2232(a) and/or this Court's contempt powers.**

4.    Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced

4

property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

5.      To the extent this Order constitutes a personal forfeiture money judgment against the defendant, in accordance with Fed. R. Crim. P. 32.2(b)(6)(A), the United States is not required to send or publish notice of the same, as there is no specific property to be forfeited.  However, this Order may be recorded in the records of the Clerk of Court in any county in which the defendant resides or has either real or personal property as a lien thereon.  Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to forfeit other property in which the defendant has an interest, whether directly forfeitable or substitute assets, to satisfy this forfeiture money judgment in whole or in part; provided that the net proceeds of any forfeited assets, to specifically include (1) the amount of $385,495.92 in United States Currency currently held in the IOLTA trust account of Cheshire Parker Schneider, representing the proceeds of the sale of real property having the physical address of 3709 S. Virginia Dare Trail, Nags Head, North Carolina 27959; and (2) the amount of any subsequent mortgage payoffs and net proceeds due to seller upon the sale of the real properties listed in **Exhibit A**, attached hereto, shall be credited toward satisfaction of the judgment upon liquidation.

6.      Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P.

5

32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), with the defendant's consent, this Order shall be final as to the defendant upon entry.

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED, this the **31** day of **January**, 2022.


_____
JAMES C. DEVER III
UNITED STATES DISTRICT JUDGE


WE ASK FOR THIS:

MICHAEL F. EASLEY, JR.
United States Attorney

BY:
_____
SUSAN B. MENZER
Assistant United States Attorney
Criminal Division

_____
TIFFANY DAWN RUSSELL
Defendant

_____
ELLIOT S. ABRAMS
Attorney for the Defendant

6

# EXHIBIT A



**U. S. Department of Justice**

*United States Attorney*
*Eastern District of North Carolina*

*150 Fayetteville Street*      *Telephone (919) 856-4530*
*Suite 2100*      *Criminal FAX (919) 856-4487*
*Raleigh, North Carolina 27601-1461*      *Civil FAX (919) 856-4821*
     *www.usdoj.gov/usao/nce*

December 27, 2021

**VIA ELECTRONIC MAIL**
Elliot Abrams
Cheshire Parker Schneider, PLLC
133 Fayetteville Street, Suite 200
Raleigh, North Carolina 27602

     Re:     **Tiffany Russell – Modified Asset Preservation Agreement**

Elliot,

As you know, on or about November 5, 2021, the United States and your client, Tiffany Russell, entered into Asset Preservation Agreement that set forth certain provisions regarding the preservation, sale, and disposition of sale proceeds of the following properties (the "Subject Properties") that are owned by Ms. Russell or subject to her dominion and control under one of her corporate entities:

- 455 NE 39th Street, Unit 5, Miami, Florida 33137
- 135 W. Mobile Road, Harbinger, NC 27491
- 713 Hill Street, Rocky Mount, NC 27801
- 3709 S. Virginia Dare Trail, Nags Head, NC 27959
- 914 N. Fulton Avenue, Unit A, Baltimore, MD 21217
- 3017 Ensley Avenue, Birmingham, AL 35206
- 3133 Redwood Road, Durham, NC 27704

Since that time, the property located at 3709 S. Virginia Dare Trail, Nags Head, NC 27959, was sold pursuant to the terms of the Asset Preservation Agreement, and the net sale proceeds due to seller in the amount of $385,495.92 are currently held in your IOLTA Trust Account.

Ms. Russell and the United States have now negotiated a plea, to include a Consent Preliminary Order of Forfeiture that allows for the imposition of a money judgment, with the proceeds of the Subject Properties, including those in your IOLTA Trust Account, to be credited against the money judgment upon liquidation and transfer to the United States. For that reason, the provisions of the original Asset

1

# EXHIBIT A

Preservation Agreement governing disposition of sale proceeds are no longer appropriate.

Accordingly, for the foregoing reasons, the United States Attorney's Office for the Eastern District of North Carolina (the "USAO" or the "government") and your client hereby agree to modify the November 5, 2021 Asset Preservation Agreement, agree that its provisions shall no longer be in effect, and agree that the following provisions of this Modified Asset Preservation Agreement shall now govern:

1. **Sale of Real Property.** Ms. Russell shall **not** sell any of the Subject Properties without first giving the government an opportunity to either consent to the terms of the sale or seek court intervention to prevent the sale, pursuant to the following provisions:

   a. No sale shall occur unless the government has received written notice 14 days in advance of the date of closing identifying the property at issue, the sale price, and an estimated closing statement setting forth the disposition of the sale proceeds, including estimates of any fees, commissions, liens, taxes, and the amount of funds due to sellers at closing. Ms. Russell shall furthermore provide the government a copy of the actual pre-sale closing disclosure (*e.g.*, HUD-1) as soon as it is available and in no event later than 48 hours before the scheduled closing of the sale of the property.

   b. No later than 7 days after receipt of the notice of the sale from Ms. Russell or no later than 24 hours after receipt of the closing disclosure of the sale, whichever is later, the government shall advise Ms. Russell in writing whether it consents to or objects to the terms of the sale as set forth within the notice or closing disclosure.

   c. If the government objects to the sale on the terms proposed, then no later than 7 days from the government's notice to Ms. Russell regarding its objection, if the parties have not otherwise negotiated mutually agreeable sale terms, the United States shall file a motion for a restraining order and for an expedited (non-*ex parte*) hearing on the motion and serve same on counsel for Ms. Russell.

2. **Sale Proceeds Directed to the United States.** All proceeds[1] due to the seller of any of the Subject Properties, whether Ms. Russell or another person or entity, shall be paid directly to United States and shall be credited against the forfeiture money judgment in accordance with the terms of the Consent Preliminary Order of Forfeiture entered in this case. The $385,495.92

---

[1] Herein, the term "proceeds" means the total cash to seller after payment of relevant fees, commissions, liens, and taxes (*e.g.*, Hud-1, Line 603).

# EXHIBIT A

currently held in the Cheshire Parker and Schneider's IOLTA Trust Account shall be paid to the United States upon entry of the Consent Preliminary Order of Forfeiture.

3. Except as provided herein, Ms. Russell shall maintain her ownership interest in the Subject Properties and shall not take any action that would negatively affect the availability or value of these properties, including, but not limited to, selling, transferring, assigning, pledging, encumbering, damaging, destroying, wasting, or in any way lessening the value of these properties without the express, written permission of the government.

4. Although the foregoing sets forth the minimum obligations regarding notice of impending sale of the Subject Properties, consistent with her expressed desire to cooperate, Ms. Russell agrees to undertake efforts to keep the United States informed, through counsel, regarding the anticipated marketing and sale of the Subject Properties.

AGREED:

For the USAO:

Susan B. Menzer
Assistant United States Attorney

For Tiffany Russell:

Elliot S. Abrams (Counsel for Tiffany Russell)

Tiffany D. Russell