IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-00505-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **PRELIMINARY ORDER OF** |
| | : | **FORFEITURE AS TO** |
| TIFFANY DAWN RUSSELL | : | **SUBSTITUTE PROPERTY** |

WHEREAS, on January 31, 2022, the Court entered a Consent Preliminary Order of Forfeiture against the above-named defendant, ordering the defendant to forfeit to the United States:

<u>Forfeiture Money Judgment</u>:

A sum of money in the amount of $2,019,571.93 representing the gross proceeds personally obtained by the defendant as a result of the offense(s) set forth in Count One of the Superseding Criminal Information for which she has been convicted; and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p);

AND WHEREAS, the above-referenced forfeiture money judgment represents the gross proceeds personally obtained by the defendant as a result of the offense(s) for which he/she was convicted, and is an amount for which the defendant is solely liable and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p);

1

AND WHEREAS, as of this date, $593,930.00 has been constructively credited toward the forfeiture money judgment, and $1,425,641.93 remains outstanding;

AND WHEREAS, the defendant, by virtue of entering into a Plea Agreement and a Consent Preliminary Order of Forfeiture [DE-151], stipulated and agreed to the amount of the money judgment imposed in this case, and also agreed that one or more of the conditions to forfeit substitute assets exists, as set forth 21 U.S.C. § 853(p);

NOW, THEREFORE, based upon the points and authorities in the government's motion, and all of the evidence of record in this case, the Court FINDS as fact and CONCLUDES as a matter of law that each item of property listed below is property of the defendant that qualifies for forfeiture as substitute property pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The following property of the defendant, not to exceed the value of $1,425,641.93, is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), as substitute assets to satisfy the forfeiture money judgment referenced above in whole or in part, provided that the net proceeds of any forfeited assets shall be credited toward satisfaction of the judgment upon liquidation:

Substitute Personal Property:

a) $385,495.92 in net proceeds from the sale of real property having the physical address of 3709 S. Virginia Dare Trail, Nags Head, NC 27959,

including any and all appurtenances and improvements thereto, being titled to TDRLEGAL PROPERTY MANAGEMENT, LLC, and legally described in a deed recorded at deed book 2498, page 156, Dare County Registry, North Carolina

b) $212,812.38 in net proceeds from the sale of real property having the physical address of 455 NE 39th Street, Unit 105, Miami, Florida 33137, including any and all appurtenances and improvements thereto, being titled to TDRLEGAL PROPERTY MANAGEMENT, LLC, and legally described in a deed recorded at deed book 31568, page 1398, in the records of the Miami-Dade County Clerk of Court in the State of Florida

c) $200.00 currently held in the Settlement Account of Pro Forma Title, Inc., 1900 Indian Lake Drive, Birmingham, AL 35244, for the benefit of TDRLEGAL PROPERTY MANAGEMENT, LLC

Substitute Real Property:

d) Real property having the physical address of 135 W. Mobile Road, Harbinger, NC 27491, including any and all appurtenances and improvements thereto, being titled to BWRM HOLDING COMPANY, and legally described in a deed recorded at deed book 1567, page 187, Currituck County Registry, North Carolina, and any and all proceeds from the sale of said property:

Legal Description:

That certain lot or parcel of land situated in the City of Harbinger Currituck County, North Carolina, and more particularly described as follows:

BEGINNING AT A CEMENT MONUMENT SET IN THE SOUTHEAST EDGE OF THE RIGHT OF THE RIGHT OF WAY OF THE MOBILE ROAD APPROXIMATELY ¼ MILE SOUTHWESTWARDLY ALONG SAID RIGHT OF WAY LINE FROM THE RIGHT OF WAY OF U.S. HIGHWAY NO. 158; THENCE RUNNING SOUTHEASTWARDLY AT RIGHT ANGLES FROM SAID MOBILE ROAD RIGHT OF WAY LINE 210 FT. TO A POINT; THENCE RUNNING NORTHEASTWARDLY BY A LINE PARALLEL WITH AND 210 FT. FROM SAID RIGHT OF WAY LINE OF MOBILE ROAD 105 FT. FROM THE FIRST CALLED FOR LINE HEREINABOVE 210 FT. TO THE SAID RIGHT OF WAY LINE OF MOBILE ROAD; THENCE RUNNING SOUTHWESTWARDLY WITH SAID MOBILE ROAD RIGHT OF WAY LINE 105 FT. TO THE CONCRETE MONUMENT AT THE POINT OF BEGINNING. CONTAINING ONE HALF ACRE, MORE OR LESS.

Tax ID: 013100000980000

e) Real property having the physical address of 713 Hill Street, Rocky Mount, NC 27801, including any and all appurtenances and improvements thereto, being titled to TDRLEGAL PROPERTY MANAGEMENT, LLC, and legally described in a deed recorded at deed book 1713, page 480, Edgecombe County Registry, North Carolina, and any and all proceeds from the sale of said property:

Legal Description:

A certain tract or parcel of land lying and being in the County of Edgecombe and State of North Carolina, in Rocky Mount Township, and more particularly described as follows:

4

LYING and situate in No. 12 Township, Rocky Mount, Edgecombe County, North Carolina, and being Lot 3, Block 36 of Edgemont as shown on map recorded in Map Book 1, Page 86 of the Edgecombe County Registry.

Tax ID: 3759-87-5519-00

f) Real property having the physical address of 914 N. Fulton Avenue, Unit A, Baltimore, MD 21217, including any and all appurtenances and improvements thereto, being titled to TDRLEGAL PROPERTY MANAGEMENT, LLC, and legally described in a deed recorded at deed book 22120, page 4, in the land records of the Clerk of the Circuit Court for Baltimore City, Maryland, and any and all proceeds from the sale of said property:

Legal Description:

All that parcel of ground situated in Baltimore City, Maryland and described as follows, that is to say:

BEING ALL the Condominium Unit in the City of Baltimore, State of Maryland, and known as Unit No. A, NO. 914 N. Fulton Avenue, Sandtown-Winchester Condominium Horizontal Property regime as said unit and said condominium are established pursuant to the Declaration and By-Laws of the Grantor, dated September 19, 1985 and recorded among the Land Records of Baltimore City in Liber No. 649, Folio 166, and Amendment to Condominium Declaration for Sandtown/Winchester Condominium dated October 11, 1985 and recorded among the Land Records of Baltimore City in Liber SEB 678, Folio 407 on October 17, 1985. Pursuant to the plans shown on Condominium Plat Book No. 161, and Amended Plat Book No. 162 recorded as aforesaid on September 24, 1985 and Amended Plat Book No. 163 recorded as aforesaid on October 17, 1985.

5

TOGETHER WITH an undivided percentage interest in the common elements as set forth in said Declaration and By-Laws and subject to all rights, easements, restrictions, covenants and reservations contained therein, as shown on said Plat herein referred to.

The improvements thereon being known as 914 North Fulton Avenue, Unit A, Baltimore, Maryland- 21217.

Tax ID: 0072-008

g) Real property having the physical address of 3017 Ensley Avenue, Birmingham, AL 35206, including any and all appurtenances and improvements thereto, being titled to TDRLEGAL PROPERTY MANAGEMENT, LLC, and legally described in a deed recorded as Instrument # 2020087919, in the land records of the Probate Court for Jefferson County, Alabama, and any and all proceeds from the sale of said property:

Legal Description:

The following described real estate situated in Jefferson County, Alabama, to-wit:

Lot 10, Block 8, according to the Map and survey of Helena Heights, as recorded in Map Book 5, page 113, in the Office of the Judge of Probate of Jefferson County, Alabama.

Tax ID: 29-00-05-3-004-011.001

h) Real property having the physical address of 3133 Redwood Road, Durham, NC 27704, including any and all appurtenances and improvements thereto, being titled to TDRLEGAL PROPERTY MANAGEMENT, LLC, and legally described in a deed recorded at deed

book 9024, page 625, Durham County Registry, North Carolina, and any and all proceeds from the sale of said property:

Legal Description:

That certain lot or parcel of land situated in the City of Durham, Durham County, North Carolina, and more particularly described as follows:

BEGINNING at a stake on the Northwest side of the Fish Dam Road at R.T. Lane's corner, and running thence along and with the northwest side of the said Fish Dam Road, North 42 degrees 30' East 150 feet to a stake, J.D. Goldston's corner; thence North 31 degrees 15 West 906 feet to a stake; thence South 42 degrees 30' West 150 feet to a stake, thence South 31 degrees 15' East 906 feet to a stake on the northwest side of the Fish Dam Road, the point of beginning, containing 3 acres, more or less, and being the same property as that described in the deed from Mel J. Thompson and wife, to Mrs. Ann W. Fields, dated September 30,1944, and recorded in Deed Book 155, at Page 371, Office of the Register of Deeds of Durham County. See also Deed Book 157, Page 57, Durham County.

Tax ID: 0863-03-01-3926

i) Real property having the physical address of 1027 Big Spring Circle, Durham, NC 27703, including any and all appurtenances and improvements thereto, being titled to TIFFANY RUSSELL, and legally described in a deed recorded at deed book 8345, page 346, Durham County Registry, North Carolina, and any and all proceeds from the sale of said property:

Legal Description:

All that certain lot, parcel of land or condominium unit situated in the City of Durham Township, Durham County, North Carolina and more particularly described as follows:

7

> BEING all of Lot 690 in Brightleaf at the Park, Phase 4 as shown on plat recorded in Plat Book 197, Page 77-82, Durham County Registry.
>
> Tax ID: 221586

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the U.S. Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee is authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third-party. **Any person who knowingly destroys, damages, wastes, disposes of, transfers, or otherwise takes any action with respect to the property, or attempts to do so, for the purpose of preventing or impairing the Government's lawful authority to take such property into its custody or control or to continue holding such property under its lawful custody and control, may be subject to criminal prosecution pursuant to 18 U.S.C. § 2232(a).**

3. This Order shall also serve as a Writ of Entry and Inspection, authorizing the government or other personnel assisting the government to enter onto and into the premises of the above-described real property as necessary for purposes of conducting inspections, appraisals, and photographing or video-recording the property, to record and document the condition, value, and maintenance of the property until the forfeiture proceedings are concluded. Any occupants of the real property shall be served with a copy of this Order of Forfeiture and provided with notice of the forfeiture. **This Order specifically places any occupants on notice that they shall maintain the premises in its present condition as long as**

**their occupancy continues and shall not materially alter, cause any damage to, or remove any fixtures from the real property. Any violation of this Order could result in criminal and/or civil sanctions pursuant to 18 U.S.C. § 2232(a) and/or this Court's contempt powers.**

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

5. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall provide notice of this Order and of its intent to dispose of the specified real and/or personal property listed above, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States shall then file a Notice with the Court documenting for the record: (1) proof of publication, or the government's reliance on an exception to the publication requirement found in Supplemental Rule G(4)(a)(i); and (2) the government's efforts to send direct notice to all known potential third-party claimants in accordance with Supplemental Rule G(4)(b)(iii), or a representation that no other potential claimants are known to the government. This Order shall not take effect as the Court's Final Order of Forfeiture until an

appropriate Notice has been filed and the time in which any third parties with notice of the forfeiture are permitted by law to file a petition has expired.

6. **Any person other than the above-named defendant, having or claiming any legal interest in the subject property must, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court to adjudicate the validity of the asserted interest pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and shall set forth: the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.**

7. If one or more timely petitions are received by the Court, the Court will enter a separate scheduling order governing the conduct of any forfeiture ancillary proceedings under Fed. R. Crim. P. 32.2(c). Following the Court's disposition of all timely filed petitions, a Final Order of Forfeiture that amends this Order as necessary to account for any third-party rights shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6). The receipt of a petition as to one or more specific items of property shall not delay this Order of Forfeiture from becoming final, in accordance with the following paragraph, as to any remaining property to which no petition has been filed.

8. If no third party files a timely petition, or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall dispose of the property according to law, including without limitation liquidation by sale or any other commercially feasible means, destruction, and/or retention or transfer of an asset for official use. The United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7).

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED, this the **27** day of **September**, 2022.

JAMES C. DEVER III
UNITED STATES DISTRICT JUDGE

11

Case 5:20-cr-00505-D    Document 198    Filed 09/27/22    Page 11 of 11